**FILED**
536
**10/2/2015**
**JUDGE PALLMEYER**

MAGISTRATE JUDGE BROWN

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Prob 22 (VAE Rev. 4/11)

## TRANSFER OF JURISDICTION

| | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| | 4:05CR00081-002 |
| | DOCKET NUMBER *(Rec. Court)* |
| | |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Harbor Eichhorn Miles<br>Romeoville, Illinois | EASTERN DISTRICT OF VIRGINIA | Newport News |
| | NAME OF SENTENCING JUDGE | |
| | The Honorable Raymond A. Jackson | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 07/10/2015 | TO 07/09/2020 |

| OFFENSE: |
|---|
| Conspiracy to Possess with Intent to Distribute, and to Distribute, Cocaine, Marijuana, Psilocybin, and Psilocin (Felony) |

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF ILLINOIS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 8/9/15 | |
|---|---|
| Date | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 9/1/15 | |
|---|---|
| *Effective Date* | *United States District Judge* |

**RECEIVED**

SEP 0 2 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK

BY DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 9-11-2015



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**THOMAS G. BRUTON**            **September 11, 2015**            312-435-5698

Clerk of the Court
United States Courthouse
2400 West Avenue, 1st Floor
Newport News, Virginia 23607

**Re:**    **US vs.** Harbor Eichhorn Miles
Our case number: 15 cr 536
Your case number: 4: 05 cr 81-002

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Harbor Eichhorn Miles
, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy
of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly
appreciated.

Sincerely,

Thomas G. Bruton
Clerk

Clerk

Enclosure

**REDACTED**

OCT 1 2

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:05CR 81 |
| | ) | |
| v. | ) | 21 U. S. C. § 846 |
| | ) | Conspiracy to Possess with Intent to |
| MARK ETHAN BUSH, | ) | Distribute, and to Distribute, Cocaine, |
| (Counts 1, 21, 23-24, 26, 28, 30, 32, 34, 36- | ) | Marijuana, Psilocybin, and Psilocin |
| 37, 39-40) | ) | (Count 1) |
| HARBOR EICHHORN MILES, | ) | |
| (Count 1) | ) | 21 U.S.C. § 856(a) |
| JAMES WALTON DAVIDSON, | ) | Maintaining Drug-Involved Premises |
| a/k/a "Jimbo," | ) | (Counts 2, 7, 13, 42, 47) |
| (Counts 1, 19-20, 46, 52, 54, 56-58, 60-61) | ) | |
| BRIAN KENNETH KEMPTON, | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(D) |
| a/k/a "Kenny," | ) | Possession with Intent to Distribute Marijuana |
| (Counts 1, 6, 11-12, 17-18, 22, 25, 27, 29, | ) | (Counts 3-4, 8-11, 14-17, 20, 43-45, 48-51, |
| 31, 33, 35, 38, 41, 45, 50, 53) | ) | 55) |
| EDWARD CHO LEE, | ) | |
| (Counts 1, 51, 55, 59) | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| JOSEPH TY GRASS, | ) | Possession with Intent to Distribute Cocaine |
| (Counts 1, 4-5, 9, 15) | ) | (Counts 5-6, 12, 18, 59) |
| JEFFREY WAYNE CARROLL, | ) | |
| a/k/a "Jeffro," | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(B) |
| (Counts 1-2, 7, 13, 42, 47) | ) | Possession with Intent to Distribute Cocaine |
| WILLIAM LEE MILLER, and | ) | (Count 19) |
| (Counts 1, 10, 16, 44, 49) | ) | |
| BURT ANDERSON GRIMSLEY, JR. | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| (Counts 1, 3, 8, 14, 43, 48) | ) | Distribution of Psilocybin and Psilocin |
| | ) | (Counts 21, 24, 26, 28, 30, 32, 34, 37, 40) |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| | ) | Possession with Intent to Distribute Psilocybin |
| | ) | and Psilocin |
| | ) | (Counts 22, 25, 27, 29, 31, 33, 35, 38, 41) |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(D) |
| | ) | Distribution of Marijuana |
| | ) | (Counts 23, 36, 39, 53) |

|   |   |
|---|---|
| ) | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| ) | Distribution of Cocaine |
| ) | (Counts 52, 54, 56, 58, 60) |
| ) |   |
| ) | 18 U.S.C. § 924(c) |
| ) | Using and Carrying a Firearm During, and |
| ) | Possession of a Firearm in Furtherance of, a |
| ) | Drug Trafficking Crime |
| ) | (Counts 46, 57, 61) |
| ) |   |
| ) | 21 U.S.C. § 853 |
| ) | Forfeiture |

## INDICTMENT

October 2005 Term - Newport News, Virginia

## COUNT ONE

THE GRAND JURY CHARGES THAT:

From in or about October 2000 and continuously thereafter up to and including the date of

the return of this indictment, in the Eastern District of Virginia and elsewhere, the defendants,

MARK ETHAN BUSH, HARBOR EICHHORN MILES, JAMES WALTON DAVIDSON, a/k/a

"Jimbo," BRIAN KENNETH KEMPTON, a/k/a "Kenny," EDWARD CHO LEE, JOSEPH TY

GRASS, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," WILLIAM LEE MILLER, and BURT

ANDERSON GRIMSLEY, JR., did unlawfully, knowingly, and intentionally combine, conspire,

confederate, and agree with each other and with other persons known and unknown to the grand jury

to commit the following offenses:

1. To unlawfully, knowingly, and intentionally possess with the intent to distribute five (5)

kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts,

optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation

2

of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2;

2. To unlawfully, knowingly, and intentionally distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2;

3. To unlawfully, knowingly, and intentionally possess with the intent to distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2;

4. To unlawfully, knowingly, and intentionally distribute one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2;

5. To unlawfully, knowingly, and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2; and

6. To unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances, in violation of Title

3

21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

## WAYS, MANNER, AND MEANS TO ACCOMPLISH THE CONSPIRACY

1. It was part of the conspiracy that the defendants and uncharged coconspirators would, and did, play different roles, take upon themselves different tasks, and participate in the affairs of the conspiracy through various criminal acts. The defendants and uncharged coconspirators would, and did, make themselves and their services available at various times throughout the conspiracy and would, and did, participate in cocaine, marijuana, and psilocybin and psilocin distribution ventures.

2. It was further a part of the said conspiracy that the defendants and uncharged coconspirators would, and did, derive substantial gross receipts from their unlawful activities.

3. It was further a part of the said conspiracy that the defendants and uncharged coconspirators would, and did, possess quantities of cocaine, a Schedule II controlled substance, and quantities of marijuana, psilocybin, and psilocin, Schedule I controlled substances, with intent to distribute in the Eastern District of Virginia and elsewhere.

4. It was further a part of the conspiracy that the defendants and uncharged coconspirators would, and did, supply and furnish to each other and other coconspirators cocaine, a Schedule II controlled substance, and marijuana, psilocybin, and psilocin, Schedule I controlled substances, for distribution on a consignment and a cash basis.

5. It was further a part of the said conspiracy that the defendants and uncharged coconspirators would, and did, transport, and facilitate the transportation of, cocaine, a Schedule II controlled substance, and marijuana, psilocybin, and psilocin, Schedule I controlled substances, for

4

the purpose of distribution.

6.    It was further a part of the said conspiracy that the defendants and uncharged coconspirators would, and did, meet at various times and locations within the Eastern District of Virginia and elsewhere to exchange packages of cocaine, a Schedule II controlled substance, and packages of marijuana, psilocybin, and psilocin, Schedule I controlled substances, for money and services to the conspiracy.

7.    It was further a part of the conspiracy that the defendants and uncharged coconspirators would, and did, use telephones to communicate with each other in order to facilitate the distribution of, and the possession with the intent to distribute, cocaine, a Schedule II controlled substance, and marijuana, psilocybin, and psilocin, Schedule I controlled substances.

8.    It was further a part of the conspiracy that, during the term of the conspiracy, the defendants and uncharged coconspirators would, and did, use various houses, apartments, and hotels in Newport News, in the Eastern District of Virginia, to cut, package, and distribute cocaine, marijuana, psilocybin, and psilocin, and to receive, store, and package money.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the defendants, MARK ETHAN BUSH, HARBOR EICHHORN MILES, JAMES WALTON DAVIDSON, a/k/a "Jimbo," BRIAN KENNETH KEMPTON, a/k/a "Kenny," EDWARD CHO LEE, JOSEPH TY GRASS, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," WILLIAM LEE MILLER, and BURT ANDERSON GRIMSLEY, JR., and other uncharged coconspirators, committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1. In or about October 2000, defendant JOSEPH TY GRASS and other coconspirators traveled from the Eastern District of Virginia to California in order to purchase from defendant MARK ETHAN BUSH approximately four (4) pounds of marijuana for redistribution and resale to other persons in the Eastern District of Virginia.

2. In or about November 2000, defendant JEFFREY WAYNE CARROLL, a/k/a "Jeffro," maintained a place at XXXXXXXXXX, Newport News, Virginia, for the purpose of storing and distributing approximately 200 pounds of marijuana in the Eastern District of Virginia.

3. In or about December 2000, in the Eastern District of Virginia, defendant BURT ANDERSON GRIMSLEY, JR., possessed with intent to distribute approximately ten (10) pounds of marijuana.

4. In or about January 2001, in the Eastern District of Virginia, defendant JOSEPH TY GRASS possessed with intent to distribute approximately ten (10) pounds of marijuana.

5. In or about January 2001, in the Eastern District of Virginia, defendant JOSEPH TY GRASS possessed with intent to distribute cocaine.

6. In or about January 2001, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute approximately four (4) ounces of cocaine.

7. In or about February 2001, defendant JEFFREY WAYNE CARROLL, a/k/a "Jeffro," maintained a place at XXXXXXXXXXXXX, Newport News, Virginia, for the purpose of storing and distributing approximately 200 pounds of marijuana in the Eastern District of Virginia.

8. In or about February 2001, in the Eastern District of Virginia, defendant BURT

6

ANDERSON GRIMSLEY, JR., possessed with intent to distribute approximately five (5) pounds of marijuana.

9. In or about February 2001, in the Eastern District of Virginia, defendant JOSEPH TY GRASS possessed with intent to distribute approximately ten (10) pounds of marijuana.

10. In or about February 2001, in the Eastern District of Virginia, defendant WILLIAM LEE MILLER possessed with intent to distribute approximately five (5) pounds of marijuana.

11. In or about February 2001, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute approximately five (5) pounds of marijuana.

12. In or about March 2001, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute approximately four (4) ounces of cocaine.

13. In or about May 2001, defendant JEFFREY WAYNE CARROLL, a/k/a "Jeffro," maintained a place at XXXXXXXXXXX, Newport News, Virginia, for the purpose of storing and distributing approximately 200 pounds of marijuana in the Eastern District of Virginia.

14. In or about May 2001, in the Eastern District of Virginia, defendant BURT ANDERSON GRIMSLEY, JR., possessed with intent to distribute approximately five (5) pounds of marijuana.

15. In or about May 2001, in the Eastern District of Virginia, defendant JOSEPH TY GRASS possessed with intent to distribute approximately ten (10) pounds of marijuana.

16. In or about May 2001, in the Eastern District of Virginia, defendant WILLIAM LEE MILLER possessed with intent to distribute approximately five (5) pounds of marijuana.

17. In or about May 2001, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute approximately five (5) pounds of marijuana.

18. In or about June 2001, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute approximately nine (9) ounces of cocaine.

19. In or about June 2001, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," possessed with intent to distribute approximately one (1) kilogram of cocaine and five (5) pounds of marijuana.

20. In or about fall 2001, defendant MARK ETHAN BUSH distributed approximately two (2) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

21. In or about fall 2001, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

22. In or about February 2002, defendant JOSEPH TY GRASS distributed marijuana and approximately one (1) ounce of cocaine.

23. In or about winter 2002, defendant MARK ETHAN BUSH distributed approximately five (5) pounds of marijuana.

24. In or about March 2002, defendant JOSEPH TY GRASS distributed marijuana and approximately one (1) ounce of cocaine.

25. In or about April 2002, defendant JOSEPH TY GRASS distributed marijuana and approximately one (1) ounce of cocaine.

26. In or about spring 2002, defendant MARK ETHAN BUSH distributed approximately

8

four (4) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

27. In or about spring 2002, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

28. In or about summer 2002, defendant MARK ETHAN BUSH distributed approximately four (4) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

29. In or about summer 2002, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

30. In or about fall 2002, defendant MARK ETHAN BUSH distributed approximately four (4) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

31. In or about fall 2002, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

32. In or about winter 2003, defendant MARK ETHAN BUSH distributed approximately four (4) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

33. In or about winter 2003, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

34. In or about spring 2003, defendant MARK ETHAN BUSH distributed approximately four (4) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

35. In or about spring 2003, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

36. In or about summer 2003, defendant MARK ETHAN BUSH distributed approximately four (4) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

9

37. In or about summer 2003, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

38. In or about summer 2003, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," distributed cocaine.

39. In or about September 2003, defendant HARBOR EICHHORN MILES distributed to defendant MARK ETHAN BUSH approximately one (1) pound of marijuana.

40. In or about October 2003, defendant HARBOR EICHHORN MILES distributed to defendant MARK ETHAN BUSH approximately one (1) pound of marijuana.

41. In or about fall 2003, defendant MARK ETHAN BUSH distributed approximately ten (10) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

42. In or about fall 2003, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

43. In or about winter 2004, defendant MARK ETHAN BUSH distributed approximately ten (10) pounds of marijuana and eight (8) pounds of mushrooms containing psilocybin and psilocin.

44. In or about winter 2004, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute mushrooms containing psilocybin and psilocin.

45. In or about January 2004, defendants MARK ETHAN BUSH and HARBOR EICHHORN MILES and other coconspirators distributed approximately 230 pounds of marijuana in Arizona for redistribution and resale in the Eastern District of Virginia.

46. In or about February 2004, defendant JEFFREY WAYNE CARROLL, a/k/a "Jeffro," maintained a place at XXXXXXXXXXX, Newport News, Virginia, for the purpose of storing and

10

distributing approximately 200 pounds of marijuana in the Eastern District of Virginia.

47. In or about February 2004, in the Eastern District of Virginia, defendant BURT ANDERSON GRIMSLEY, JR., possessed with intent to distribute approximately five (5) pounds of marijuana.

48. In or about February 2004, in the Eastern District of Virginia, defendant WILLIAM LEE MILLER possessed with intent to distribute approximately five (5) pounds of marijuana.

49. In or about February 2004, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute approximately ten (10) pounds of marijuana.

50. In or about February 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," possessed with intent to distribute cocaine.

51. In or about April 2004, a coconspirator in the Eastern District of Virginia telephoned defendant MARK ETHAN BUSH to arrange another shipment of drugs into the Eastern District of Virginia.

52. In or about May 2004, defendants MARK ETHAN BUSH and HARBOR EICHHORN MILES and other coconspirators distributed approximately 230 pounds of marijuana for redistribution and resale in the Eastern District of Virginia.

53. In or about May 2004, defendant JEFFREY WAYNE CARROLL, a/k/a "Jeffro," maintained a place at XXXXXXXXXXXX, Newport News, Virginia, for the purpose of storing and distributing approximately 200 pounds of marijuana in the Eastern District of Virginia.

54. In or about May 2004, in the Eastern District of Virginia, defendant BURT ANDERSON

11

GRIMSLEY, JR., possessed with intent to distribute approximately five (5) pounds of marijuana.

55. In or about May 2004, in the Eastern District of Virginia, defendant WILLIAM LEE MILLER possessed with intent to distribute approximately five (5) pounds of marijuana.

56. In or about May 2004, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," possessed with intent to distribute approximately ten (10) pounds of marijuana.

57. In or about May 2004, in the Eastern District of Virginia, defendant EDWARD CHO LEE possessed with intent to distribute approximately five (5) pounds of marijuana.

58. In or about May 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," distributed approximately one-eighth (1/8) of an ounce of cocaine.

59. In or about spring 2004, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," distributed approximately one (1) pound of marijuana.

60. In or about June 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," distributed approximately one-eighth (1/8) of an ounce of cocaine.

61. In or about June 2004, in the Eastern District of Virginia, defendant EDWARD CHO LEE possessed with intent to distribute approximately five (5) pounds of marijuana.

62. In or about July 2004, in the Eastern District of Virginia, defendant EDWARD CHO LEE possessed with intent to distribute approximately four (4) pounds of marijuana.

63. In or about July 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," distributed approximately one (1) ounce of cocaine.

64. In or about July 2004, a coconspirator in the Eastern District of Virginia telephoned

12

defendant MARK ETHAN BUSH to arrange another shipment of marijuana and cocaine into the Eastern District of Virginia.

65. In or about August 2004, in the Eastern District of Virginia, defendant EDWARD CHO LEE agreed with another coconspirator to distribute some of the cocaine.

66. In or about August 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," distributed approximately one-eighth (1/8) of an ounce of cocaine.

67. In or about August 2004, defendants MARK ETHAN BUSH and HARBOR EICHHORN MILES and other coconspirators distributed approximately 149 kilograms of marijuana and 19 kilograms of cocaine for redistribution and resale in the Eastern District of Virginia.

68. In or about August 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," agreed with another coconspirator to distribute one (1) kilogram of cocaine.

69. In or about August 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," distributed cocaine to defendant EDWARD CHO LEE for redistribution and resale.

70. In or about September 2004, in the Eastern District of Virginia, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," distributed approximately one-eighth (1/8) of an ounce of cocaine.

71. In or about September 2004, in the Eastern District of Virginia, defendant WILLIAM LEE MILLER paid a portion of his debt for drugs purchased from a coconspirator.

13

72. In or about October 2004, in the Eastern District of Virginia, defendant BRIAN KENNETH KEMPTON, a/k/a "Kenny," requested a coconspirator to supply him with four or five pounds of marijuana.

73. In or about July 2005, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," watched the United States District Courthouse in Newport News through binoculars during the grand jury session, identified witnesses to the grand jury, and approached witnesses after they testified.

74. In or about August 2005, defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," with intent to hinder the communication to law enforcement officers of information relating to defendant DAVIDSON's participation in this conspiracy and with intent to cause and induce another person to withhold testimony from the grand jury, attempted to corruptly persuade that person not to testify truthfully before the grand jury and not to talk with law enforcement officers.

(All in violation of Title 21, United States Code, Section 846.)

14

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

In or about November 2000, in the Eastern District of Virginia, the defendant, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," did unlawfully, knowingly, and intentionally maintain a place at XXXXXXXXXXX, Newport News, Virginia, for the purpose of distributing marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.)

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

In or about November 2000, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BURT ANDERSON GRIMSLEY, JR., did unlawfully, knowingly, and intentionally possess with intent to distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

In or about January 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JOSEPH TY GRASS, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

15

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

In or about January 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JOSEPH TY GRASS, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

In or about January 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately four (4) ounces of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2001, in the Eastern District of Virginia, the defendant, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," did unlawfully, knowingly, and intentionally maintain a place at XXXXXXXXXXXXX, Newport News, Virginia, for the purpose of distributing marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.)

16

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BURT ANDERSON GRIMSLEY, JR., did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT NINE

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JOSEPH TY GRASS, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, WILLIAM LEE MILLER, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

17

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

In or about March 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately four (4) ounces of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2001, in the Eastern District of Virginia, the defendant, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," did unlawfully, knowingly, and intentionally maintain a place at XXXXXXXXXXX, Newport News, Virginia, for the purpose of distributing marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.)

18

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BURT ANDERSON GRIMSLEY, JR., did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JOSEPH TY GRASS, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT SIXTEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, WILLIAM LEE MILLER, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT SEVENTEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT EIGHTEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about June 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately nine (9) ounces of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT NINETEEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about June 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately one (1) kilogram of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).)

20

## COUNT TWENTY

THE GRAND JURY FURTHER CHARGES THAT:

In or about June 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT TWENTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

In or about fall 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

## COUNT TWENTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

In or about fall 2001, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

21

## COUNT TWENTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

In or about winter 2002, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2.)

## COUNT TWENTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

In or about spring 2002, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

## COUNT TWENTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

In or about spring 2002, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

22

## COUNT TWENTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

In or about summer 2002, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

## COUNT TWENTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about summer 2002, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT TWENTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

In or about fall 2002, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

## COUNT TWENTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

In or about fall 2002, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT THIRTY

THE GRAND JURY FURTHER CHARGES THAT:

In or about winter 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

## COUNT THIRTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

In or about winter 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT THIRTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

In or about spring 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

## COUNT THIRTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

In or about spring 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT THIRTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

In or about summer 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

25

## COUNT THIRTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

In or about summer 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT THIRTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

In or about fall 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2.)

## COUNT THIRTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about fall 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

## COUNT THIRTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

In or about fall 2003, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT THIRTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

In or about winter 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D), and Title 18, United States Code, Section 2.)

## COUNT FORTY

THE GRAND JURY FURTHER CHARGES THAT:

In or about winter 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, MARK ETHAN BUSH, did unlawfully, knowingly, and intentionally distribute approximately eight (8) pounds of a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.)

27

## COUNT FORTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

In or about winter 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocybin and psilocin, Schedule I controlled substances.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT FORTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2004, in the Eastern District of Virginia, the defendant, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," did unlawfully, knowingly, and intentionally maintain a place at XXXXXXXXXX, Newport News, Virginia, for the purpose of distributing marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.)

## COUNT FORTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BURT ANDERSON GRIMSLEY, JR., did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

28

## COUNT FORTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, WILLIAM LEE MILLER, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FORTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FORTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

In or about February 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully and knowingly use and carry a firearm, a Ruger, 9mm semiautomatic pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, specifically, Possession with Intent to Distribute Cocaine, as prohibited by Title 21, United States Code, Section 841(a)(1), and defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," knowingly possessed said firearm in furtherance of said crime.

(In violation of Title 18, United States Code, Section 924(c)(1).)

## COUNT FORTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2004, in the Eastern District of Virginia, the defendant, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," did unlawfully, knowingly, and intentionally maintain a place at XXXXXXXXXXXX, Newport News, Virginia, for the purpose of distributing marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.)

## COUNT FORTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BURT ANDERSON GRIMSLEY, JR., did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FORTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, WILLIAM LEE MILLER, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FIFTY

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally possess with intent to distribute approximately ten (10) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

31

## COUNT FIFTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, EDWARD CHO LEE, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FIFTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

In or about May 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully, knowingly, and intentionally distribute approximately one-eighth (1/8) of an ounce of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT FIFTY-THREE

THE GRAND JURY FURTHER CHARGES THAT:

In or about spring 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, BRIAN KENNETH KEMPTON, a/k/a "Kenny," did unlawfully, knowingly, and intentionally distribute approximately one (1) pound of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

32

## COUNT FIFTY-FOUR

THE GRAND JURY FURTHER CHARGES THAT:

In or about June 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully, knowingly, and intentionally distribute approximately one-eighth (1/8) of an ounce of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT FIFTY-FIVE

THE GRAND JURY FURTHER CHARGES THAT:

In or about June 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, EDWARD CHO LEE, did unlawfully, knowingly, and intentionally possess with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).)

## COUNT FIFTY-SIX

THE GRAND JURY FURTHER CHARGES THAT:

In or about summer 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully, knowingly, and intentionally distribute approximately one (1) ounce of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

33

## COUNT FIFTY-SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about summer 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully and knowingly use and carry a firearm, a Ruger, 9mm semiautomatic pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, specifically, Possession with Intent to Distribute Cocaine, as prohibited by Title 21, United States Code, Section 841(a)(1), and defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," knowingly possessed said firearm in furtherance of said crime.

(In violation of Title 18, United States Code, Section 924(c)(1).)

## COUNT FIFTY-EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

In or about August 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

34

## COUNT FIFTY-NINE

THE GRAND JURY FURTHER CHARGES THAT:

In or about August 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, EDWARD CHO LEE, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

## COUNT SIXTY

THE GRAND JURY FURTHER CHARGES THAT:

In or about September 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully, knowingly, and intentionally distribute approximately one-eighth (1/8) of an ounce of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).)

35

## COUNT SIXTY-ONE

THE GRAND JURY FURTHER CHARGES THAT:

In or about September 2004, in Newport News, Virginia, in the Eastern District of Virginia, the defendant, JAMES WALTON DAVIDSON, a/k/a "Jimbo," did unlawfully and knowingly use and carry a firearm, a Ruger, 9mm semiautomatic pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, specifically, Conspiracy, as prohibited by Title 21, United States Code, Section 846, as set forth in Count One of this Indictment, and defendant JAMES WALTON DAVIDSON, a/k/a "Jimbo," knowingly possessed said firearm in furtherance of said crime.

(In violation of Title 18, United States Code, Section 924(c)(1).)

## FORFEITURE

Upon conviction of one or more of the controlled substance offenses in Counts 1-45, 47-56, and 58-60 of this Indictment, defendants MARK ETHAN BUSH, HARBOR EICHHORN MILES, JAMES WALTON DAVIDSON, a/k/a "Jimbo," BRIAN KENNETH KEMPTON, a/k/a "Kenny," EDWARD CHO LEE, JOSEPH TY GRASS, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," WILLIAM LEE MILLER, and BURT ANDERSON GRIMSLEY, JR., shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation(s). If any forfeitable property, as a result of any act or omission of the defendant(s): (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

37

United States v. MARK ETHAN BUSH, HARBOR EICHHORN MILES, JAMES WALTON DAVIDSON, a/k/a "Jimbo," BRIAN KENNETH KEMPTON, a/k/a "Kenny," EDWARD CHO LEE, JOSEPH TY GRASS, JEFFREY WAYNE CARROLL, a/k/a "Jeffro," WILLIAM LEE MILLER, and BURT ANDERSON GRIMSLEY, JR.,

Criminal No.

A TRUE BILL:  Sealed Pursuant to the
E-Government Act of 2002

_____
FOREPERSON


PAUL J. MCNULTY
UNITED STATES ATTORNEY

By: _____
Scott W. Putney
Assistant United States Attorney
Virginia Bar No. 35209
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
757/591-4000

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Newport News Division

JUN - 2 2006

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.                                                    Case Number 4:05CR00081-002

**HARBOR EICHHORN MILES,**                            USM Number 93329-111

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant, HARBOR EICHHORN MILES, was represented by Jonathan Shapiro, Esquire.

The defendant pleaded guilty to count 1. Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to Possess with Intent to Distribute, and to Distribute, Cocaine, Marijuana, Psilocybin, and Psilocin (Felony) | 10/12/05 | 1 |

As pronounced on May 31, 2006, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this ___1st___ day of _____June_____, 200 6 .

_____

Raymond A. Jackson
United States District Judge

136

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 2 - Imprisonment

Judgment--Page 2 of 7

Defendant: HARBOR EICHHORN MILES
Case Number: 4:05CR00081-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED THIRTY-TWO (132) MONTHS.

The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be enrolled in an educational program.
The Court recommends that the defendant be enrolled in a vocational education program.
The Court recommends that the defendant be enrolled in a comprehensive drug treatment program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

Mailed: 6/5/06
c: P.O. (2) (3)
  Mshl. (4) (2)
  U.S.Atty.                          _____
  U.S.Coll.                              United States Marshal
  Dft. Cnsl.            By
  PTS                                _____
  Financial                              Deputy Marshal
  Registrar
  ob

Defendant: HARBOR EICHHORN MILES
Case Number: 4:05CR00081-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

While on supervised release, the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Judgment--Page 4 of 7

Defendant: HARBOR EICHHORN MILES
Case Number: 4:05CR00081-002

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 3    nt'd) - Supervised Release

Judgment--Page 5 of 7

Defendant: HARBOR EICHHORN MILES
Case Number: 4:05CR00081-002

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.
2) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.
3) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer.
4) The defendant shall maintain full time employment, as directed by the probation officer.

AO 245BS (Rev. 12/03)(EDVA rev.) Sheet    Criminal Monetary Penalties

Judgment--Page 6 of 7

Defendant:  HARBOR EICHHORN MILES
Case Number: 4:05CR00081-002

### CRIMINAL MONETARY PENALTIES

The defendant shall pay the total monetary penalties under the schedule of payments on Schedule of Payment - Sheet 6.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | | |
| **Total** | **$100.00** | | |

### FINE

No fines have been imposed in this case.

AO 245b (Rev. 12/03)(EDVA rev.) Sheet 6 - Schedule of Payment

Judgment--Page 7 of 7

Defendant: HARBOR EICHHORN MILES
Case Number: 4:05CR00081-002

### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Payment to begin immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $50.00 per month, until paid in full.  Said payments shall commence sixty (60) days after defendant's supervision begins.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.